UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD EUGENE ROSE,

        Petitioner,

Case No. 2:21-cv-12198

HONORABLE STEPHEN J. MURPHY, III

v.

STATE OF MICHIGAN,

        Respondent.

                              /

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS [1], DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Donald Eugene Rose filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 and named the State of Michigan as the respondent. ECF 1. Upon an initial review, the Court found the petition procedurally deficient. As a result, the Court will deny the petition.

**BACKGROUND**

While Petitioner addressed sentences imposed by Michigan state courts in his petition, he appears to be incarcerated in the California state prison system. ECF 1, PgID 1 (listing Petitioner's place of confinement as the California Institution for Men); *see also* Exhibit 1 (listing Donald Eugene Rose as an inmate in the California Institution for Men with an admission date of October 2018 and a parole eligible date in July 2022). The petition states that in 2013 Petitioner pleaded nolo contendere to attempted second-degree criminal sexual conduct, felonious assault, and domestic violence in Genesee County Circuit Court. *Id*. The Genesee County Circuit Court

1

register of actions for Petitioner's case lists the attempted second-degree criminal sexual conduct charge as under Mich. Comp. Laws § 750.520C1F, the felonious assault charge as under Mich. Comp. Laws § 750.82, and the domestic violence charge as under Mich. Comp. Laws § 750.812. Exhibit 2. The register of actions also states that Petitioner pleaded guilty rather than nolo contendere. *Id*. Petitioner was sentenced to seventeen months' imprisonment and did not appeal the convictions or sentence. ECF 1. Petitioner also needed to register as a sex offender under Michigan law. Exhibit 2.

Petitioner appears to have now fully served the seventeen-month term of imprisonment. The Genesee County Circuit Court register of actions listed Petitioner's sentence as beginning on November 25, 2013. Exhibit 2. A seventeen-month term beginning at that time would have long since expired. And the Michigan Department of Corrections, which removes offender information from the department's website three years after an offender's discharge date, no longer lists Petitioner as an offender. *See* Michigan Department of Corrections, Offender Tracking Information System (last accessed Sept. 29, 2021) https://bit.ly/3ikGygC [https://perma.cc/KM7B-8RHZ] ("In 2008, the Michigan Legislature permitted removal of offender's information from OTIS after three years had elapsed from the discharge date."); Exhibit 3 (listing all offenders, including parolees, with the name Donald Rose in the Michigan Department of Corrections Offender Tracking Information System without having Donald Eugene Rose included).

Even though Petitioner's imprisonment term for the attempted second-degree criminal sexual conduct conviction terminated years ago, in September 2021 Petitioner filed the present petition for a writ of habeas corpus requesting that the Court dismiss the conviction. *Id.* at 15. Petitioner claimed that Mich. Comp. Laws § 750.520 was repealed in 2015 and that there was legal precedent addressing how convictions and sentences under the old statute should be handled. *Id.* at 5.

For the following reasons, the Court will dismiss the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability and leave to proceed in forma pauperis on appeal.

## LEGAL STANDARD

After the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*; 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must dismiss the petition. *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ("Under [Section 2243] the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."). A dismissal under Rule 4 may apply to both "petitions that raise legally frivolous claims" and petitions that "contain[] factual allegations that are palpably incredible or false." *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

A federal court may entertain a habeas petition on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

3

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, the custody requirement is at issue. A prisoner need not be physically confined in jail or prison to challenge his or her conviction or sentence in a federal habeas proceeding. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963) ("While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in the 'custody' of the members of the Virginia Parole Board within the meaning of the habeas corpus statute."); *see also Garlotte v. Fordice*, 515 U.S. 39, 41 (1995) (holding that a prisoner serving consecutive sentences is in custody for all of those sentences in the aggregate, and may attack the sentence scheduled to run first, even after it has expired, until all of the consecutive sentences have been served).

But once a sentence for a conviction has fully expired, a habeas petitioner is no longer "in custody" for that offense and cannot bring a habeas petition directed solely at that conviction. *See Maleng v. Cook*, 490 U.S. 488, 490–92 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)); *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001). The United States Supreme Court has "never held [] that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng*, 490 U.S. at 491 (emphasis in original). In fact, "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United

4

States.'" *Id*. at 490 (emphasis supplied by Supreme Court) (quoting 28 U.S.C. § 2241(c)(3)).

Finally, a requirement that a petitioner register as a sex offender does not, alone, create custody for habeas review when the registration law does not place a restraint on a registrant's freedom of movement. *See Leslie v. Randle*, 296 F.3d 518, 522–23 (6th Cir. 2002) (holding that Ohio's sex offender registration law did not create custody for the petitioner because petitioner's ability to move to another community or residence and to engage in legal activities and employment was not conditioned on government approval). Michigan's sex offender registration law does not restrain a registrant's movement to the extent that custody is created. *Hamama v. Michigan*, No. 2:13-CV-14096, 2013 WL 5745281, at *2 (E.D. Mich. Oct. 23, 2013) (Battani, J.).

## DISCUSSION

Here, as discussed, Petitioner has fully served his seventeen-month sentence, which was imposed in 2013, and has been discharged from Michigan custody. *See* Exhibit 2; Exhibit 3. While Petitioner does not discuss whether he contests his sex offender registration status, or even mention if he still must register under his conviction, the Court lacks jurisdiction regardless given that Michigan's sex offender registration statute does not restrain a registrant's freedom of movement so as to create custody. *See Hamama*, 2013 WL 5745281, at *2; *Leslie*, 296 F.3d at 522–23. Thus, the Court lacks subject matter jurisdiction in the case. Federal habeas relief is therefore unavailable and unwarranted.

5

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Under the current statutory scheme, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Here, reasonable jurists could not debate the correctness of the Court's procedural ruling. The Court will therefore deny Petitioner a certificate of appealability.

Finally, the Court finds that an appeal from the Court's decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). The Court will therefore deny leave to proceed in forma pauperis on appeal.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [1] is **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

6

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED.**

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 30, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

# EXHIBIT 1

  

Visit CDCR.ca.gov
Contact CDCR
Accessibility Settings



Home  |  Rehabilitative Programs  |  Questions  |  Visitation Information

## Inmate Information

**The information displayed below is subject to change and may update daily**

| Inmate Name | ROSE, DONALD EUGENE |
|---|---|
| CDCR Number | BH7063 |
| Age | 61 |
| Admission Date | 10/31/2018 |
| Current Location | California Institution for Men |
| Location Link | Directions |
| Parole Eligible Date (Month/Year) | 07/2022 |
| Parole Eligible Date Information | **The Parole Eligible Date displayed above is subject to change.**<br><br>The date shown above is the earliest possible release date for this inmate at this time. This is the earliest date the inmate is expected to be released, based on current information. Inmates may earn credits for participating in rehabilitative programming, which may move their parole eligible dates to an earlier date. Inmates could also be found guilty of an institutional rules violation, which could result in a loss of credits that may move their parole eligible dates further into the future. Parole eligible dates may also change based on a variety of other reasons, including court orders, changes in law, and routine audits. Parole eligible dates displayed on this website are updated regularly. |
| Additional Information | **VICTIM NOTIFICATION:** Victims who would like to request notice of this inmate's release must register with CDCR's Office of Victim and Survivor Rights and Services. For further information, or to inquire about court ordered restitution, please visit CDCR's Office of Victim and Survivor Rights and Services website or call toll-free 1-877-256-6877 |

**Information current as of: 09/29/2021**

Back to Results    New Search

Back to Top    Privacy Policy    Accessibility    Disclaimer    Contact Us
Accessibility Assistance

Governor

Governor
**Gavin Newsom**
Visit Governor's website

CDCR Secretary
**Kathleen Allison**
Visit Secretary's page

Innovation By
**EIS**
Enterprise Information Services

Copyright © 2021 California Department of Corrections and Rehabilitation

# EXHIBIT 2

Register of Action

 **Return**

Enter New Search    Nxt Action

```
CLOSED     FOJ            CASE REGISTER OF ACTIONS        09/29/21  PAGE    1
13-033928-FH JUDGE BEHM         FILE 10/10/13 ADJ DT 11/04/13 CLOSE  11/26/13
             GENESEE COUNTY                              SCAO:SEC B LINE 03

D 001 ROSE,DONALD,EUGENE              DOB: XXXXXXXX    SEX: M  RACE: W
      605 GARLAND ST                  CTN:251300407401 TCN:L813009563H
      FLINT, MI   48503               SID:             PIN:25FEP 2013-7521
                                      DLN:XXXXXXXXXXXXX ST:XX
      ATY: CHILDERS,JEFFREY A.,       PROSECUTOR: LEYTON,DAVID S.,
           P-55938  810-767-5836 APPOINTED           P-35086
      LOWER DISTRICT:  6700 CTY# 25  CASE# FYO-13-791  PRELIM: WAIVE 10/08/13
      INCARCERATION DATE:         DISTRICT ARRAIGNMENT:


                              Bond History
-------------------------------------------------------------------------------
    Num     Amount              Type           Posted Date    Status
    ---  ---------------  --------------------  -----------  -----------
     1       $55,000.00   Cash/Surety

                                Charges
-------------------------------------------------------------------------------
Num Type     Charge(Pacc)    Asc/Trf  Charge Description    Offense Dt  Dsp Evt
--- ----  ------------------ -------  --------------------- ----------  --- ---
01  ORG   750.520C1F             A    CSC 2ND DEG PERS INJURY 09/17/13  PLG ARR
02  ORG   750.82                      ASSAULT-WEAPON          09/17/13  PLG ARR
03  ORG   750.812                     DOMESTIC VIOLENCE       09/17/13  PLG ARR
                                        MISDEMEANOR

                              Assessments
-------------------------------------------------------------------------------
        Account                  Ordered         Paid         Balance
      ------------------------ ------------  ------------  ------------
      CRIME VICTIM FEE             $130.00         $.00       $130.00
      STATE MINIMUM COSTS          $184.00         $.00       $184.00
      LATE FEE                      $62.80         $.00        $62.80
                                ------------  ------------  ------------
         TOTAL:                    $376.80         $.00       $376.80
      PAYMENT DUE: 11/25/13    LATE FEE DATE:  1/22/14

                        Actions, Judgments, Case Notes
-------------------------------------------------------------------------------
```

```
Num   Date     Judge         Chg/Pty   Event Description/Comments
----  -------- ----------    -------   -------------------------------------------
  1  10/14/13 NEITHERCUT               SET NEXT DATE FOR: 10/21/13  1:16 PM
                                          ARRAIGNMENT
                                          HON. GEOFFREY L. NEITHERCUT
                                       CT. I-CSC-2ND DEGREE.
                                       CT. II-FELONIOUS ASSAULT.
                                       CT. III-DOMESTIC VIOLENCE.
                                       BINDOVER RECEIVED ON 10-10-13.
                                       ARRESTING AGENCY:  CITY OF
                                       FENTON P.D. (25FEP 2013-7421)
                                       JUDGE ODETTE
  2  10/21/13                          PRE-TRIAL HEARING
                                          ATTORNEY PRESENT: CHILDERS
                                       PROCEED DIGITAL RECORDED-DEF IN JAIL
                                       THE COURT ADJOURNED THE
                                       ARRAIGNMENT DATE AT THE
                                       REQUEST OF DEFENSE COUNSEL.
                                       DEFENDANT REMANDED.
  3                                    NOTICE SENT FOR:   11/04/13  1:16 PM
                                          ARRAIGNMENT
                                          HON. GEOFFREY L. NEITHERCUT
                                       CT. I-CSC-2ND DEG.
                                       CT. II-FELONIOUS ASSAULT.
                                       CT. III-DOMESTIC VIOLENCE.
                                       (ADJ. FROM 10-21-13.
  4                                    INFORMATION FILED
                                       AND CERTIFICATE OF SERVICE
                                       FILED.
  5  11/04/13                  00099   ARRAIGNMENT
                                          ATTORNEY PRESENT: CHILDERS
                                       PROCEED DIGITAL RECORDED-DEF IN JAIL
                                       PLEAD GUILTY
                                       INFORMATION READ.  PLEA:
                                       GUILTY PURSUANT TO A PLEA
                                       AGREEMENT REACHED IN DISTRICT
                                       COURT.  PLEA AGREEMENT:  THE
                                       DEFENDANT WAS ORIGINALLY
                                       CHARGED IN DISTRICT COURT WITH
                                       CT. I-CSC-2ND DEG.; CT. II-
                                       STRANGULATION; CT. III-
                                       FELONIOUS ASSAULT; AND CT. IV-
                                       DOMESTIC VIOLENCE.  THE
                                       PROSECUTOR AGREED TO DISMISS
                                       COUNT TWO AND AMEND COUNT ONE
                                       TO ATTEMPT FOR GUILTY PLEAS
                                       TO COUNT ONE AS AMENDED AND
                                       COUNTS THREE AND FOUR AS
                                       CHARGED.  THERE WILL BE NO
                                       COBBS OR SENTENCE AGREEMENT,
                                       NO DRUG OR SENTENCE
                                       ENHANCEMENT, NO CONSECUTIVE
                                       SENTENCING, NO REQUESTS FOR
                                       HYTA OR 7411 STATUS, AND
                                       RESTITUTION AS DETERMINED.
                                       THE COURT ACCEPTED THE PLEA
                                       AND SET A SENTENCE DATE.
                                       DEFENDANT REMANDED.
  6                                    SET NEXT DATE FOR: 11/25/13  3:00 PM
                                          SENTENCING
                                          HON. GEOFFREY L. NEITHERCUT
```

```
                                       CT. I-ATT. CSC-2ND DEGREE.
                                       CT. II-FELONIOIUS ASSAULT.
                                       CT. III-DOMESTIC VIOLENCE.
  7                                    ORDER FOR DNA SAMPLE FILED.
  8                                    PEOPLE'S EXHIBIT NO. 1 FILED.
  9                                    ADVICE OF RIGHTS FORM FILED.
 10 11/05/13                           CERTIFICATION AND RETURN OF ORDER
                                       FOR DNA SAMPLE FILED
 11 11/25/13              00001  SENTENCING
                                       CHARLES EGELER RECEPTION AND
                                       GUIDANCE CENTER-JACKSON.  THE
                                       COURT RECOMMENDS AN ALCOHOL
                                       PROGRAM, A MENTAL HEALTH
                                       PROGRAM, AND A SEX OFFENDER
                                       PROGRAM FOR DEFENDANT WHILE
                                       INCARCERATED.  THE SENTENCES
                                       ON COUNTS ONE AND TWO ARE
                                       CONCURRENT TO EACH OTHER.  THE
                                       SENTENCE ON COUNT THREE IS A
                                       JAIL TERM AND HAS BEEN
                                       SATISFIED.  DEFENDANT TO
                                       REGISTER AS A TIER TWO
                                       OFFENDER UNDER THE SEX
                                       OFFENDER REGISTRATION ACT.
                                       (PROCEEDING WAS DIGITALLY
                                       RECORDED)
  SENTENCE PRISON:      MINIMUM            MAXIMUM            CREDIT
                      YYY- 17-DDD       YYY- 60-DDD       YYY-MMM- 69
  BEGIN 11/25/13
     $130.00  CRIME VICTIM FEE            184.00  STATE MINIMUM COSTS
 12                       00002  SENTENCING
  SENTENCE PRISON:      MINIMUM            MAXIMUM            CREDIT
                      YYY- 17-DDD       YYY- 48-DDD       YYY-MMM- 69
  BEGIN 11/25/13
 13                       00003  SENTENCING
  SENTENCE JAIL:        MINIMUM            MAXIMUM            CREDIT
                      YYY-MMM- 69       YYY-MMM- 69       YYY-MMM- 69
  BEGIN 11/25/13
 14 11/26/13                           FINAL ORDER OR JUDGMENT FILED
                                       JUDGMENT OF SENTENCE FILED.
 15                                    ORDER TO REMIT PRISONER FUNDS
                                       (FAXED TO MDOC)
 16                                    NOTICE OF RIGHT TO APPELLATE
                                       REVIEW AND RECEIPT OF NOTICE
                                       OF APPEAL RIGHTS FORM FILED.
 17 12/02/13                           SENTENCING INFORMATION REPORT FILED
 18                                    SENTENCING INFORMATION REPORT FILED
 19 12/03/13 BEHM                      COLLECT Status - PRISON
 20 01/24/14 NEITHERCUT                MONEY ORDERED
                                       AUTOMATIC LATE FEE ASSESSMENT
     $62.80  LATE FEE
 21 03/22/18                           CERTIFIED COPIES OF COMPLAINT,
                                       INFORMATION, PLEA AGREEMENT
                                       AND JUDGMENT OF SENTENCE SENT
                                       TO SANTA CLARA DISTRICT
                                       ATTORNEY, SAN JOSE CA.
 22 04/11/18                           CERTIFIED COPIES OF COMPLAINT,
                                       INFORMATION, PLEA AGREEMENT,
                                       AND JUDGMENT OF SENTENCE SENT
                                       TO PUBLIC DEFENDER, SAN JOSE,
                                       CA.
```

```
 23 07/27/18 BEHM              Removed COLLECT status - PRIS
 24 09/17/18                   Mailer Sent - Overdue Payment
                                  Stmt Nbr - 1  Text - 101
                                  Tot Due on Stmt - $376.80
 25 10/02/18                   PREV. 15197 CHARLUENE DRIVE
                               ADDR. FENTON MI 48430
                               SOURCE: PER CLEAR
 26 10/23/18                   PREV. 729 DAMON ST
                               ADDR. FLINT MI 48505
                               SOURCE: CLEAR
 27 11/01/18                   Address Stop-Bad Addr on File
 28 12/11/18 NEITHERCUT        TRUE COPIES OF INFORMATION,
                               PLEA AGREEMENT AND JUDGMENT OF
                               SENTENCE SENT TO MILES MCKAMEY
                               OF THE CALIFORNIA DEPT. OF
                               JUSTICE, SACRAMENTO, CA.
 29 12/30/18 BEHM              CASE REASSIGNMENT
                                FROM: NEITHERCUT,GEOFFREY L.,
                                  TO: BEHM,F. KAY,
 30 08/07/20                   REQUEST DATED 8-7-20 FROM
                               STATE OF CALIFORNIA DEPARTMENT
                               OF JUSTICE ATTN: NATALIE
                               MCVEY-ASSESSMENT UNIT
                               REQUESTING DOCUMENTS THAT WERE
                               PREVIOUSLY SENT ON 12-11-18
                               FILED
 31 09/08/20                   SENT E-MAIL RE: REQUEST OF
                               8-7-20 PREVIOUSLY SENT TO THEM
                               ON 12-11-18 TO:
                               Natalie.Mcvey@dog.ca.gov
 32 10/28/20                   FAX RECEIVED AND DATED 8-7-20
                               REQUESTING DUPLICATE COPIES
                               PREVIOUSLY SENT 12-11-18 FILED
 33 11/12/20                   SENT E-MAIL RE: REQUEST OF
                               10-28-20 RE: PREVIOUS ITEMS
                               SENT REQUESTING PAYMENT TO:
                               Natalie.Mcvey@dog.ca.gov
 .............................   END OF SUMMARY   .............................
```

[Enter New Search]

[Disclaimer]

# EXHIBIT 3



Michigan.gov Home   Contact MDOC   |   OTIS Help   |   MDOC's Most Wanted   |   Glossary   |   Disclaimer   |   MDOC Home

**Your Search Criteria: Last Name: rose**
(Data as of: Sep 29 2021 3:36AM)   **First Name: donald**

2 matches found.

| Offender Number | Last Name | First Name | Date of Birth | Sex | Race | MCL Number | Location | Status | Parole Board Jurisdiction Date | Maximum Date | Date Paroled |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 405868 | ROSE | DONALD | 08/15/1970 | M | White | 333.7401C2F | Baraga Max CF | Prison | 06/09/2022 | 02/16/2062 | |
| 981818 | ROSE | DONALD | 11/27/1997 | M | White | 333.74032B1 | Allegan | Parole | | | 12/0 |

Click on the offender number to access the detail page.

Michigan.gov Home   |   MDOC Home   |   Site Map   |   Escapee/Absconder Tips   |   State Web Sites   Accessibility Policy   |   Privacy Policy   |   Link Policy   |   Secu

Copyright © 2001-2021 State of Michigan